[702 NYS2d 873]

In the Matter of ARTHUR SANDFORD DROTZER, an Attorney, Resignor.

Second Department, February 7, 2000

### APPEARANCES OF COUNSEL

*Arthur Sanford Drotzer,* Hartsdale, resignor *pro se.*

*Gary L. Casella,* White Plains (*Forrest Strauss* of counsel), for Grievance Committee for the Ninth Judicial District.

### OPINION OF THE COURT

Per Curiam.

Arthur Sanford Drotzer has submitted an affidavit, dated October 23, 1999, wherein he tenders his resignation as an attorney and counselor-at-law (*see,* 22 NYCRR 691.9). Mr. Drotzer was admitted to the practice of law at a term of the

Appellate Division of the Supreme Court in the Second Judicial Department on January 24, 1981.

Mr. Drotzer is aware that he is currently the subject of eight separate complaints against him that were considered by the Grievance Committee at its September 1999 meeting. Mr. Drotzer is further aware that the Grievance Committee voted to refer those matters to the Court in order to seek authorization to institute a disciplinary proceeding against him on the basis of allegations that he engaged in numerous instances of professional misconduct, including, *inter alia,* violations of Code of Professional Responsibility DR 1-102 (a) (4), (5) and (7); DR 2-110 (a) (3); DR 7-101 (a) (1) (22 NYCRR 1200.3 [a] [4], [5], [7]; 1200.15 [a] [3]; 1200.32 [a] [1]) and 22 NYCRR 1400.1, 1400.2, 1400.3.

Mr. Drotzer acknowledges that if the Grievance Committee actually files such an application, he would be unable to successfully defend himself on the merits. He avers that his resignation is submitted freely and voluntarily, that he is not under coercion or duress, and that he is fully aware of the implications of its submission.

Mr. Drotzer is aware that pursuant to Judiciary Law § 90 (6-a), to the extent that any funds which he was holding in a fiduciary capacity for third parties may not be accounted for, the Appellate Division could require him to make monetary restitution to any person whose money or property was misappropriated or misapplied or to reimburse the Lawyers' Fund for Client Protection of the State of New York. Mr. Drotzer further acknowledges that any order issued pursuant to Judiciary Law § 90 (6-a) could be entered as a civil judgment against him and he specifically waives the opportunity afforded him by Judiciary Law § 90 (6-a) (f) to be heard in opposition thereto.

The Grievance Committee supports the Court's acceptance of Mr. Drotzer's resignation as in the best interests of the public.

Inasmuch as the proffered resignation complies with all appropriate Court rules, it is accepted, Mr. Drotzer is disbarred, and his name is stricken from the roll of attorneys and counselors-at-law, effective immediately.

MANGANO, P. J., BRACKEN, O'BRIEN, RITTER and S. MILLER, JJ., concur.

Ordered that the resignation of Arthur Sanford Drotzer is accepted and directed to be filed; and it is further,

Ordered that pursuant to Judiciary Law § 90, effective immediately, Arthur Sanford Drotzer is disbarred, and his name

is stricken from the roll of attorneys and counselors-at-law; and it is further,

Ordered that Arthur Sanford Drotzer shall promptly comply with this Court's rules governing the conduct of disbarred, suspended, and resigned attorneys (22 NYCRR 691.10); and it is further,

Ordered that pursuant to Judiciary Law § 90, effective immediately, Arthur Sanford Drotzer is commanded to desist and refrain from (1) practicing law in any form, either as principal or as agent, clerk, or employee of another, (2) appearing as an attorney or counselor-at-law before any court, Judge, Justice, board, commission, or other public authority, (3) giving to another an opinion as to the law or its application or any advice in relation thereto, and (4) holding himself out in any way as an attorney and counselor-at-law.